IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LYNELL SMITH                                                                                 PLAINTIFF

vs.                                        Civil No. 1:08-cv-01081

MICHAEL J. ASTRUE                                                 DEFENDANT
Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Lynell Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability, and Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. <u>Background</u>:**

Plaintiff filed her application for SSI on February 16, 2006. (Tr. 44). Plaintiff alleged she was disabled due to back pain, hand pain, and asthma[2]. (Tr. 74-75). Plaintiff alleged an onset date of March 16, 1998. (Tr. 75). These applications were initially denied on April 7, 2006 and were

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[2] The ALJ found a lack of objective evidence to support Plaintiff's claims of asthma. (Tr. 15). Plaintiff makes no claim in her briefing regarding error of the ALJ on this issue and therefore the Court assumes Plaintiff does not dispute this finding.

1

denied again on reconsideration on December 27, 2006. (Tr. 38-41).

On January 23, 2007, Plaintiff requested an administrative hearing on her application. (Tr. 35). The hearing was held on August 29, 2007 in El Dorado, Arkansas. (Tr. 172-193). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-three (53) years old, which is defined as "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had a high school education. (Tr. 175-176).

On July 18, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 10-18). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date. (Tr. 17, Finding 1). The ALJ determined Plaintiff had the following severe impairments: back and leg pain, hypertension, depression, and history of psychosis and marijuana use. (Tr. 17, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 2).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 11-16). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 11-15). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for sedentary work activity. (Tr. 17, Finding 6).

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW")

but would be able to perform other work existing in significant numbers in the national economy. (Tr. 17, 18, Findings 5, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 176-177, 191-192). Specifically, the VE testified Plaintiff would be able to perform work as a polisher or mounter with approximately 10,000 such jobs in the region and 100,000 such jobs in the nation. (Tr. 191). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of the ALJ's decision or through July 18, 2008. (Tr. 18, Finding 11).

On July 21, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On September 22, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On October 15, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 22, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6,7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ improperly discredited the opinions of Dr. John Rago; (B) the ALJ erred by finding Plaintiff's back and leg pain were of an unknown etiology; (C) the ALJ erred by not referring Plaintiff for orthopedic evaluation; and (D) the ALJ gave an improper hypothetical to the VE. (Doc. No. 6, Pages 6-15). In response, Defendant argues the ALJ gave proper treatment to the opinions of Dr. Rago, the ALJ properly found Plaintiff's back and leg pain were of an unknown etiology, the ALJ was not required to refer Plaintiff for an orthopedic evaluation, and the ALJ presented a proper hypothetical question the VE. (Doc. No. 7, Pages 7-13). This Court will address each of Plaintiff's arguments.

### A. Dr. John Rago's Opinion

On November 8, 2006, Plaintiff was seen for a consultative psychological evaluation by Dr. John Rago. (Tr. 135-138). Plaintiff argues the ALJ improperly discredited the opinions of Dr. Rago. Dr. Rago diagnosed Plaintiff with depressive disorder, and assessed a Global Assessment of Functioning (GAF) score of 40, which indicates serious symptoms or serious difficulties. (Tr. 137). Dr. Rago also indicated Plaintiff's ability to concentrate seemed impaired. (Tr. 138).

According to Defendant, the ALJ considered Dr. Rago's opinion, but found it was not entitled to controlling weight because it was inconsistent with the objective medical evidence and other evidence of record. (Doc. No. 7, Pg. 9).

The ALJ found Dr. Rago's opinions highly inconsistent with the objective medical evidence

5

and other evidence of record. (Tr. 14). The ALJ also discounted the opinions of Dr. Rago because he took the Plaintiff's subjective allegations at face value. (Tr. 15).

The ALJ found the psychiatric treatment notes from the South Arkansas Regional Health Center were more probative than the opinion of Dr. Rago, who performed a one-time consultative exam. (Tr. 14). The ALJ indicated the South Arkansas Regional Health Center counseling progress notes showed Plaintiff improved and did well after she stopped taking her medication. (Tr. 13). The ALJ gave proper reasons for his treatment of Dr. Rago's opinions. (Tr. 14). The ALJ indicated (1) the opinions of Dr. Rago were inconsistent with prior treatment the Plaintiff received from South Arkansas Regional Health Center; (2) there were long periods of time with no mental health treatment; and (3) Plaintiff gave inconsistent statements regarding past drug use. (Tr. 14-15). An ALJ may discount doctor's opinion where other medical assessments are supported by better or more thorough medical evidence. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005).

Further support for the ALJ's treatment of Dr. Rago's opinions is found in Plaintiff's hearing testimony which indicated she no longer heard voices. (Tr. 188-189). This was in contradiction to statements she made to Dr. Rago during her consultative examination. (Tr. 136). Plaintiff also testified her back and leg pain, more than anything else, kept her from working. (Tr. 190).

Substantial evidence supports the ALJ's treatment of Dr. Rago's medical opinions and the ALJ gave proper consideration the evaluation and report of Dr. Rago.

### B. Etiology of Plaintiff's Back and Leg Pain

Plaintiff objects to the ALJ's finding that Plaintiff's back and leg pain was of unknown etiology. (Tr. 17, Finding 2). Plaintiff argues the etiology is known and Plaintiff complaints of back and leg pain, along with the use of a cane support this argument. (Doc. No. 6, Pg. 12-13). As

Defendant pointed out in their brief, the etiology of an impairment refers to the cause or origin of the impairment. (Doc. No. 7, Pg. 7). Complaints of pain by itself do not establish the etiology of pain.

It appears the ALJ's finding was a reference to the report of Dr. Jerry Grant who performed a general physical exam of Plaintiff on September 27, 2006. (Tr. 128-134). Dr. Grant diagnosed Plaintiff with chronic back pain of an unknown etiology. (Tr. 134). Nothing in the record suggests a cause of Plaintiff's back and leg pain. Further, the Plaintiff does not point to anything in the record where the etiology of Plaintiff's pain is discussed.

The ALJ's finding that Plaintiff's back and leg pain is of unknown etiology was not error.

**C. Orthopedic Evaluation Request**

Plaintiff argues the ALJ should have referred Plaintiff for an orthopedic or neurological evaluation. (Doc. No. 6, Pg. 14). Defendant argues the record contained sufficient evidence for the ALJ to make a determination regarding the severity of Plaintiff's back pain.

The ALJ found Plaintiff did suffer from back pain, but the objective evidence did not support a level of limitation that would be disabling. (Tr. 13). As the ALJ noted, there were no objective tests that supported a claim of disabling back pain. (Tr. 12). There was also a lack of medical evidence that showed any aggressive treatment for back pain. (Tr. 12).

On September 27, 2006 Plaintiff was examined by Dr. Jerry Grant for a General Physical Examination. (Tr. 128-134). Dr. Grant found Plaintiff had a normal range of motion in the cervical spine, elbows, wrists, hands; no joint abnormalities; no muscle atrophy and no sensory abnormalities. (Tr. 131-132). Also, Dr. Grant indicated Plaintiff would only have moderate limitations in the ability to walk, lift, or carry. (Tr. 134).

The ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

The record contained sufficient evidence for the ALJ to evaluate Plaintiff's alleged back pain. As a result, the ALJ did not have a duty to further develop the record by referral for additional testing for complaints of back pain.

### D. Hypothetical Question

Plaintiff argues the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's impairments, and as such, was an improper hypothetical. The Defendant asserts the ALJ's hypothetical question was proper and included all of the credible impairments found by the ALJ to be supported by the record.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC for sedentary work with a sit/stand option and was unable to perform overhead work. (Tr. 17, Finding No. 6). In response to a hypothetical question containing these limitations, the VE testified Plaintiff was not capable of performing her past work as a cook. (Tr. 191). However, the VE testified Plaintiff would be able to perform work as a

polisher or mounter with approximately 10,000 such jobs in the region and 100,000 such jobs in the nation. (Tr. 191). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 18).

Plaintiff argues the hypothetical asked of the VE should have included Plaintiff's subjective complaints of pain. However, as stated above, the ALJ considered not only the objective medical evidence, but Plaintiff's subjective complaints in formulating Plaintiff's RFC. The ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 11-15).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated Plaintiff was capable of performing work existing in significant numbers in the national economy. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of March, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE